**E-FILED**
Monday, 10 November, 2014  10:10:25 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMUEL JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No.: 14-3171-SEM-TSH |
| | ) |
| | ) |
| **S.A. GODINEZ, TERRI ANDERSON,** | ) |
| **WARDEN GOLDEN, LT. STANDLEY,** | ) |
| **and C.F.S.S. VERBISKI,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MERIT REVIEW ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to

28 U.S.C. § 1915A, of Plaintiff Samuel Jackson's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is

required to carefully screen a complaint filed by a plaintiff who

seeks to proceed in forma pauperis.  The Court must dismiss a

complaint, or a portion thereof, if the plaintiff has raised claims that

are legally "frivolous or malicious," that fails to state a claim upon

which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Jackson alleges that, on January 30, 2013, C.F.S.S. Verbiski conducted a bodily search of him.  Jackson contends that, while performing this bodily search, Verbiski grabbed his penis and squeezed it.  Jackson further claims that Verbiski threatened him if Jackson told anyone about the touching.  Jackson states that, although he told various individuals and filed a grievance over the occurrence, no corrective actions have been taken.

"The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Meriwether v. Faulkner,* 821 F.2d 408, 415 (7th Cir. 1987)(citing *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Caldwell v. Miller,* 790 F.2d 589, 600 (7th Cir. 1986)).  In evaluating Eighth Amendment claims, courts conduct both an objective and a subjective inquiry.

The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(quotations omitted).  If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *Johnson v. Phelan,* 69 F.3d 144, 149 (7th Cir. 1995).

In the context of bodily searches performed upon those incarcerated in the prison system, only those searches that are "maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification' are considered unconstitutional." *Meriwether,* 821 F.2d at 418 (quoting *Rhodes,* 452 U.S. at 346); *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003).  In other words, the search must amount to "'calculated harassment unrelated to prison needs,'" *Meriwether,* 821 F.2d at 418 (quoting *Hudson v. Palmer,* 468 U.S. 517, 530 (1984)), with the

4

intent to humiliate and inflict psychological pain. *Fillmore v. Page,* 358 F.3d 496, 505 (7th Cir. 2004)(citing *Calhoun,* 319 F.3d at 939).

Here, Jackson has not alleged that Verbiski engaged in a bodily search in a calculated harassment unrelated to prison needs. Instead, Jackson alleges that the search was a "shakedown." Although a bodily search may have been necessary under the circumstances, this is not a determination that the Court can make at this juncture, especially where the allegation is that Verbiski grabbed and squeezed Jackson's penis. *Jackson v. Gerl,* 622 F. Supp. 2d 738, 753-54 (W.D. Wis. 2009)(denying summary judgment because a question of fact existed as to whether the body cavity search was justified under the circumstances). Accordingly, Jackson will be allowed to proceed on this claim against Verbiski.

However, Jackson has not stated a claim against the other Defendants. Essentially, Jackson argues that Godinez, Anderson, Golden, and Standley violated his unspecified constitutional rights by denying his grievance. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *McGee v. Adams,* 721 F.3d 474, 485 (7th Cir. 2013)

5

(same).  Accordingly, Jackson's Complaint fails to state a claim

against these Defendants.

Finally, Jackson's motion requesting counsel is denied.  The

Court does not possess the authority to require an attorney to

accept pro bono appointments on civil cases such as this. *Pruitt v.*

*Mote,* 503 F.3d 647, 653 (7th Cir. 2007).  The most that the Court

can do is to ask for volunteer counsel. *Jackson v. County of McLean,*

953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a

"fundamental premise that indigent civil litigants have no

constitutional or statutory right to be represented by counsel in

federal court.").

In determining whether the Court should attempt to find an

attorney to voluntarily take a case, "the question is whether the

difficulty of the case—factually and legally—exceeds the particular

plaintiff's capacity as a layperson to coherently present it to the

judge or jury himself . . . .  The question is whether the plaintiff

appears competent to *litigate* his own claims, given their degree of

difficulty, and this includes the tasks that normally attend

litigation: evidence gathering, preparing and responding to motions

and other court filings, and trial." *Pruitt,* 503 F.3d at 655 (emphasis

in original).  In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

As the Seventh Circuit has acknowledged, "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. *DeWitt v. Corizon, Inc.*, ___ F.3d ___, 2014 WIL 3686080, * 2 (7th Cir. July 25, 2014)(internal quotation omitted).  Although the Seventh Circuit has held that appointment of counsel should occur in cases in which counsel would have made a difference in the outcome of the litigation (*Santiago v.* Walls, 599 F.3d 749, 465 (7th Cir. 2010)), the Seventh Circuit has also held that the test for appointment of counsel is not whether a lawyer could more effectively handle the case. *Pruitt,* 503 F.3d at 655.  The test is whether the litigant is competent to litigate his own claims. *Id.*

In the instant case, Jackson appears to be literate; he has filed cogent pleadings with the Court; and his claim has survived a merit review.  Moreover, Jackson's claim is not so novel or complex that

he cannot litigate it himself.  Jackson has personal knowledge of the facts supporting his claim and appears cable of cross-examining Defendant regarding his version of the events. *Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).  Jackson has offered no reason why he cannot litigate this case or why his case differs from any other of the plethora of prisoner pro se plaintiffs who ask for the appointment of counsel in almost every case filed. *DeWitt*, ___ F.3d ___, 2014 WL 36386080, at * 2-4.  Because Jackson appears competent to litigate this case himself, the Court denies his motion for appointment of counsel.

**IT IS, THEREFORE, ORDERED:**

1.    Plaintiff's motion requesting counsel [3] is DENIED.

2.    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendant C.F.S.S. Verbiski for cruel and unusual punishment in violation of his Eighth Amendment rights.  This case proceeds solely on the claim identified in this paragraph.  Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.      The Clerk of the Court is directed to dismiss S.A. Godinez, Terri Anderson, Warden Golden, and Lt. Standley as party Defendants based upon Plaintiff's failure to state a claim against them.

4.      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.      The Court will attempt service on Defendant by mailing him a waiver of service.  Defendant has 60 days from service to file an Answer.  If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6.      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.    Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

8.    Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on

Defendant pursuant to Local Rule 5.3.  If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

9.    Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED that the Clerk is directed to: (1) show Plaintiff's motion requesting counsel [3] as DENIED; (2) dismiss S.A. Godinez, Terri Anderson, Warden Golden, and Lt. Standley as  party Defendants; (3) attempt service on Defendant C.F.S.S. Verbiski pursuant to the standard procedures; and (4) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on the Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 10th day of November, 2014

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE